# UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| HYDENTRA, L.P. HLP GENERAL PARTNER, INC, a foreign corporation, d/b/a METART d/b/a SEXART; HYDENTRA HLP INT. LIMITED, a foreign corporation, d/b/a METART d/b/a SEXART; and HYDENTRA LP, a foreign corporation, d/b/a METART d/b/a SEXART | CASE NO. _____ |

Plaintiffs,

vs.

MINDGEEK USA INC., a Delaware corporation, individually and d/b/a PORNHUBPREMIUM.COM; MG FREESITES, LTD, a Delaware corporation, individually and d/b/a PORNHUBPREMIUM.COM; MG BILLING US, a Delaware corporation, individually and d/b/a PORNHUBPREMIUM.COM; MG BILLING EU, a Delaware corporation, individually and d/b/a PORNHUBPREMIUM.COM; MG BILLING IRELAND, a Delaware corporation, individually and d/b/a PORNHUBPREMIUM.COM; LICENSING IP INTERNATIONAL S.A.R.L, a foreign corporation d/b/a PORNHUBPREMIUM.COM;  FERAS ANTOON, an individual; OUISSAM YOUSEF, an individual; and John Does 1-20,

Defendants.

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL**

Plaintiffs, HYDENTRA L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart (hereinafter referred to as "Plaintiff") by and through its counsel, file this complaint against Defendants Mindgeek USA Inc., individually and d/b/a Pornhubpremium.com, MG Freesites, Ltd, individually and d/b/a Pornhubpremium.com, MG Billing US, individually and d/b/a Pornhubpremium.com, MG Billing EU, individually and d/b/a Pornhubpremium.com, MG Billing Ireland, individually and d/b/a Pornhubpremium.com, Licensing IP International S.à.r.l, a foreign corporation d/b/a Pornhubpremium.com, Feras Antoon, Ouissam Yousef, and the Doe Defendants (collectively hereinafter referred to as "Defendant" or "Defendants").

## JURISDICTION AND VENUE

1.      Plaintiff Hydentra L.P. HLP General Partner, Inc. is a foreign corporation organized under the laws of Cyprus, with offices located in Los Angeles, California.

2.      Plaintiff Hydentra HLP Int. Limited is a foreign corporation organized under the laws of Cyprus, with offices located in Los Angeles, California.

3.      Plaintiff Hydentra L.P. is a foreign corporation organized under the laws of Cyprus, with offices located in Los Angeles, California.

4.      Defendant Mindgeek USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business located in Miami, Florida.  Herein, "Mindgeek" refers to Mindgeek USA, Inc. and all of its parents, subsidiaries and affiliates.  Upon information and belief, in conjunction with the other Defendants, Mindgeek owns and operates

Pornhub.com and Pornhubpremium.com, internet web sites that display and distribute adult oriented videos, photographs, content, and services.

5. Defendant MG Freesites, Ltd. is a corporation organized and existing under the laws of Cyprus. Upon information and belief, MG Freesites, Ltd. is a subsidiary of Mindgeek and, in conjunction with the other Defendants, owns and operates Pornhub.com and/or Pornhubpremium.com, internet web sites that display and distribute adult oriented videos, photographs, content, and services.

6. Defendant MG Billing US is a corporation organized and existing under the laws of the State of Delaware. Upon information and belief, MG Billing US is a subsidiary of Mindgeek and, in conjunction with the other Defendants, owns and operates Pornhub.com and/or Pornhubpremium.com, internet web sites that display and distribute adult oriented videos, photographs, content, and services.

7. Defendant MG Billing EU is a foreign corporation. Upon information and belief, MG Billing EU is a subsidiary of Mindgeek and, in conjunction with the other Defendants, owns and operates Pornhub.com and/or Pornhubpremium.com, internet web sites that display and distribute adult oriented videos, photographs, content, and services.

8. Defendant MG Billing Ireland is a corporation organized and existing under the laws of Ireland. Upon information and belief, MG Billing Ireland is a subsidiary of Mindgeek and, in conjunction with the other Defendants, owns and operates Pornhub.com and/or Pornhubpremium.com, internet web sites that display and distribute adult oriented videos, photographs, content, and services.

9. Defendant Licensing IP International S.à.r.l. is a corporation organized and existing under the laws of Luxembourg. Upon information and belief, Licensing IP International S.à.r.l. is a

subsidiary of Mindgeek and, in conjunction with the other Defendants, owns and operates Pornhub, Pornhub.com and/or Pornhubpremium.com, internet web sites and brands that display and distribute adult oriented videos, photographs, content, and services.

10.     Defendant Feras Antoon is a resident of Canada.   Upon information and belief, Defendant Antoon directs, controls, and/or assists in determining the content on Pornhubpremium.com.

11.     Defendant Ouissam Yousef is a resident of Canada.   Upon information and belief, Defendant Yousef directs, controls, and/or assists in determining the content on Pornhubpremium.com.

12.     Defendants contract with United States advertisers, which use geotracking to target advertisements directly into districts of the United States, including Florida.

13.     Defendants, by and/or though subsidiaries, contract with Florida based companies and individuals to manufacture video content for their web properties.

14.     Defendants specifically target Internet users in the United States, including Florida.

15.     Upon information and belief, the Defendants all transact business in this Judicial District by way of their interactive website and through their interactivity with subscription based and non-subscription based Florida members who have been offered the infringing and unlawful content at issue herein and who have, themselves, engaged in acts of infringement in this District and State.   The Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to this district, and have committed tortious acts within this district or directed at this district.

16.     The Court has personal jurisdiction over the Defendants, foreign companies and individuals who have engaged in business activities in and directed to the United States and this

district, and have committed tortious acts within the United States and this district or directed at the United States and this district.

17.     Any alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

18.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338.

19.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

20.     This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a).

## PARTIES

21.     The named Plaintiffs are the rightful copyright, trademark and intellectual property owners of the respective United States copyrights, trademarks and intellectual property that are the basis for this action.

22.     Plaintiffs, more commonly known as the MetArt Network of adult entertainment properties, is a group of erotic websites that explore and deliver sensuality and sexuality through artistic photography, video, erotic stories, and through articles about beauty, culture, and nudity. These websites include MetArt.com, SexArt.com, Errotica-Archives.com, EroticBeauty.com, TheLifeErotic.com, RylskyArt.com, ALSScan.com, VivThomas.com, EternalDesire.com, Stunning18.com, HollyRandall.com, domai.com, goddessnudes.com, and bbfilms.com. Since 1999, Plaintiffs have grown their trademark brands into a globally recognized leader of sensual art garnering numerous industry awards through the use of studios around the globe, exotic locations,

high budget productions, engaging storylines, famed photographers and directors coupled with the dedication from its artists and technicians.

23.     The MetArt library is comprised of exclusive content that features over 5000 models shot by 250 photographers/directors including such notables as Vivian Thomas and the late Zalman King, who also brought Hollywood films such as Wild Orchid, Two Moon Junction, 9 ½ Weeks, and the Showtime network groundbreaking series Red Shoes Diaries.

24.     The MetArt websites are paid membership sites.  MetArt engages in extremely limited licensing of its content to other entities or websites for viewing, in addition to the small sample of promotional materials provided to MetArt affiliates for the sole purpose of the affiliates' promoting MetArt property.  Any licensing is done with the intent for brand exposure and is limited to a small subset of hand-selected content.  Predominantly, the MetArt business model is simply that a user must be a paid member to a MetArt site to view MetArt's works.

25.     Plaintiffs are the respective producer, distributor, and exclusive licensor of their own motion pictures in the United States as well as throughout the world.

26.     Plaintiffs have registered with the United States Copyright Office the copyrighted works identified in this Complaint.  Plaintiffs have taken industry standard steps to identify its products.  Plaintiffs' videos and photographs are watermarked with Plaintiffs' readily identifiable logo.

27.     Plaintiffs' MetArt trademark and service mark have been continuously used in commerce since May 2002.  U.S. Trademark Registration No. 3152759 was registered on October 10, 2006.

28.     Plaintiffs have expended considerable effort and expense in promoting their trademark and the goods sold under the trademark MetArt.  As a result, the purchasing public has

come to know, rely upon and recognize the mark MetArt as an international brand of high quality adult entertainment.

29.     Plaintiffs' SexArt trademark and service mark have been continuously used in commerce since April 2011.  U.S. Trademark Registration No. 4191754 was registered on August 14, 2012.

30.     Plaintiffs have expended considerable effort and expense in promoting its trademark and the goods sold under the trademark SexArt.  As a result, the purchasing public has come to know, rely upon and recognize the mark SexArt as an international brand of high quality adult entertainment.

31.     Defendants Mindgeek USA Inc., MG Freesites, Ltd, MG Billing US, MG Billing EU, MG Billing Ireland, and Licensing International S.a.r.l. are owners and/or operators of Pornhubpremium.com and/or are doing business as Pornhubpremium.com.   Defendants Feras Antoon and Ouissam Yousef are each one of the directors and/or executives of the companies and direct, control, and/or assist in determining the content on Pornhubpremium.com.  Collectively and individually, this group is referred to in the adult entertainment industry as "Mindgeek," formerly known as "Manwin," a massive consortium of web properties and service companies all working together to support one another for profit.

32.     MindGeek owns and licenses one of the largest and most heavily trafficked portfolios of premium adult-oriented domain names and trademarks. Among MindGeek's most popular websites are YouPorn, located at www.youporn.com; Redtube, located at www. Redtube.com; Tube8, located at www.tube8.com; XTube, located at www.xtube.com; GayPorn, located at www.gayporn.com; Digital Playground, located at www.digitalplayground.com; Brazzers, located at www.brazzers.com; Florida based Reality Kings, located at

www.realitykings.com; and Pornhub, located at www.pornhub.com.   MindGeek has invested considerable resources designing and maintaining these websites, marketing the websites, and ensuring that these websites convey a unique and recognizable image and commercial impression. MindGeek's affiliations and licensees include Playboy Plus Entertainment, Inc.

33.   Defendants' own statistical reporting illustrates the scope and size of Pornhub.com. According to the Defendants review of 2014, Pornhub.com delivered *78.9 billion* video views and the site averaged *2.1 million visits per hour,* or *5,800 visits per second.*   The rate that Pornhub.com is viewed by internet users is astounding.

34.   Similar Web, a leading web metrics company, ranks Pornhub as the 18th most popular website in the United States and 34th most popular worldwide, receiving an estimated 623.5 *million* visits a month.

35.   Defendants conduct business as Pornhubpremium.com, operate the website, and derive direct financial benefit through memberships on the website.

36.   To support their operation, Mindgeek claims to employ over 1000 full time employees with offices in Luxembourg, Germany, London, Ireland, Canada, Florida, California, Cyprus, and Belize.

37.   Defendants compete against Plaintiffs in the distribution, display, and sale of adults-only audio-visual works through Internet distribution and divert potential customers from Plaintiffs.

38.   Does 1-20 are individuals or entities that own Pornhubpremium.com, and/or act in concert with Pornhubpremium.com, the true names and capacities of which are presently unknown to Plaintiff.   It is for that reason Plaintiff sues these Defendants by fictitious names. Plaintiff avers that each of the Doe Defendants, along with the named Defendants, jointly or severally, are responsible for the damages alleged herein.

## STATEMENT OF FACTS

39.    Congress' implementation of safe harbor provisions in the Digital Millennium Copyright Act ("DMCA") provides true internet service providers with protection against liability for copyright infringement resulting from the actions and/or postings of their users.  As a primary example, the safe harbor protections provide YouTube.com with protection from liability should one of its users post a copyright protected video without authority or license.

40.    The DMCA safe harbor provisions have been systematically abused by internet copyright infringers in an attempt to garner protection for websites displaying copyrighted adult entertainment content without license or authority for free viewing to the public.  Commonly, these websites attracted internet user attention through the combination of offering free viewing of copyrighted materials and the unauthorized use of trademarks, providing the user a road to the free website through the use of these marks.

41.    Pornhub.com is such a website, displaying copyrighted adult entertainment content and utilizing trademarks without authorization in order to attract users, and distract them from the trademark owners' services for financial gain.

42.    Pornhub.com displays adult entertainment content for free, earning money, in large part, through the sale of advertising on the site.  Defendants own and/or operate Pornhub.com.

43.    Pornhub.com has been utilized by Defendants to collect Plaintiffs' copyrighted works and trademarks for unlawful and unauthorized display on Defendants' new pay-only membership site Pornhubpremium.com, where Defendants charge a fee to view Plaintiffs' works.

44.    Plaintiffs discovered numerous copyrighted works on Pornhub.com that were not mere promotional materials, were not provided by Plaintiffs, and were not authorized for display on

Pornhub.com.  In the spring of 2015, Plaintiffs demanded that all of its' copyrighted works be removed from Pornhub.com.

45.     Defendants promised to remove all of Plaintiffs' copyrighted content from Pornhub.com.  Defendants failed to do so.

46.     In addition to failing to remove Hydentra's copyrighted materials and trademarks as requested and promised, Defendants took these same materials and utilized them for direct financial gain, directly charging internet users money to view the videos in high definition, without interruption of advertising, and to download the videos.

47.     Defendants recently developed Pornhubpremium.com.  Pornhubpremium.com is not an internet service provider, nor is it registered as such.  Rather, Pornhubpremium.com is a paid membership web site, wherein Defendants offer its viewers access to the same videos on Pornhub.com in but in higher level HD format, with downloading capability and without advertisements, for a fee of $9.99 per month.

48.     Specifically, users of Pornhub.com are now prompted to join Pornhubpremium.com at a cost of $9.99 per month if they desire to watch the videos displayed on Pornhub.com in high definition, download the videos, or watch the videos without advertisements.  Internet users can also go directly to Pornhubpremium.com directly and purchase a membership to Pornhubpremium.com.

49.     <u>Defendants approached Plaintiffs in the spring of 2015 seeking permission to display Plaintiffs' works on Pornhubpremium.com.  Plaintiffs refused to grant such permission.</u>

50.     Defendants displayed Plaintiffs' copyrighted works in the Pornhubpremium library, the same videos Plaintiffs demanded to be removed from Pornhub.com and the same videos that Defendants confirmed would be removed from Pornhub.com.

51.     The Terms of Service for Pornhubpremium.com indicate that members of Pornhubpremium are permitted to upload videos on Pornhubpremium.com, granting Defendants license to display the videos upon uploading to the site.  The Terms of Service also dictate that a user's upload is confirmation by the user that the user has license to post the video and to grant Defendants further license to use the video.

52.     Plaintiffs' copyrighted videos on Pornhubpremium.com were not uploaded by members of Pornhubpremium.com.  The posting dates of the videos predate the inception of Pornhubpremium.  The videos mirror Plaintiffs' copyrighted works displayed without authorization on Pornhub.com, the same works that Plaintiffs demanded to be removed from Pornhub.com and which Defendants promised to have removed.

53.     Defendants posted Plaintiffs' videos on Pornhubpremium.com, charging a fee for users to view and download the videos, with full knowledge that no license or authority existed to display and/or distribute the videos.  Defendants engaged in such conduct with full knowledge that Plaintiffs forbade such use, display, and distribution.

54.     In or about August 2015, and for an unknown time before and up to and including the present, Defendants' website Pornhubpremium.com displayed Plaintiffs' 100 copyright registered works and over 523 separate and distinct URLs  - each a part of Pornhubpremium.com. Defendants have no authority or license to display or distribute any portion of Plaintiffs' copyrighted works.  These works are purported by Defendants to have been uploaded by third party internet users. These copyrighted works and their corresponding Pornhubpremium.com page are listed in Exhibit A, attached hereto.

55.     Defendants have also infringed Plaintiffs' registered trademarks.

56.    For Plaintiffs' videos and photographs that are displayed without authority on Pornhub.com, the Defendants have caused Plaintiffs' trademarks to be used in the meta tags and/or meta descriptions for the URL of the infringing video.

57.    A meta tag is an HTML (hypertext markup language) code embedded on a Web page that is used by the website owner to identify the site content.  Meta tags are powerful tools because they have a direct effect on the frequency with which many search engines will find a website.

58.    Meta tags and/or meta descriptions are used by internet search engines as an indexing tool to determine which web sites correspond to search terms provided by a user.

59.    Meta tags do not affect the appearance of a website and are not visible when one looks at a Web page, but they provide information regarding the content of the site.

60.    Some websites use meta tags in a deceptive manner to lure Web surfers. Instead of using terms that properly describe the site; some programmers substitute the names of competing companies. For example, a rival shoe manufacturer may bury the meta tag "Nike" in its Web page to lure Web surfers searching for Nike products.  In the case of the website selling handmade watches, the meta tag might include "Rolex, Swatch, Bulova, Cartier."

61.    By using Plaintiffs' trademarks in Defendants' meta tags and/or meta descriptions, Defendants use Plaintiffs' trademarks in commerce and in connection with their promotions, sales, and advertising.

62.    The use of Plaintiffs' trademarks in Defendants' meta tags and/or meta descriptions is likely to cause confusion to the end users/consumers.

63.    For example, for many of the videos displayed without authority or license on Pornhubpremium.com, "SexArt," a Plaintiffs trademark, is included in the meta tags and/or meta description.   Therefore, a user utilizing an internet search engine searching for "SexArt" will

discover that Plaintiffs' videos can be viewed for free on Pornhubpremium.com. This will and does create confusion on behalf of the user that Pornhubpremium.com is an authorized distributor of Plaintiffs' videos and, importantly, a belief that Plaintiffs' videos are available for free viewing. This also directly steals a paying customer from Plaintiff and directs them to Defendants' site to the direct and sole benefit of Defendants.

64.     In or about August 2015, and for an unknown time before and up to the present, Defendants' website Pornhubpremium.com utilized Plaintiffs' trademark "Metart" and/or Plaintiffs' trademark "Sexart" in the meta data for 456 separate and distinct URLs connected to Pornhubpremium.com, each displaying a separate and distinct copyright work belonging to Plaintiffs. These web pages, each containing Plaintiffs' trademark in the meta data, are listed in Exhibit B. Defendants have no authority or license to utilize Plaintiffs' trademark on Pornhubpremium.com.

65.     An internet user searching for Metart or Sexart may likely discover Plaintiffs' videos on Pornhub.com. If this user desires to download the video or watch in High Definition or without advertisements, Defendants provide such options through its paid membership site Pornhubpremium.com. Therefore, an Internet user seeking Plaintiffs' copyrighted works may actually end up paying the Defendants to view Plaintiffs' works.

66.     Pornhubpremium.com is not a registered internet service provider and sells monthly memberships to view Plaintiffs' copyrighted works displayed and distributed on Pornhubpremium.com. Plaintiffs did not provide any license or other authority for Plaintiffs' copyrighted works to be displayed on Pornhubpremium.com.

67.     All conditions precedent to the filing of the lawsuit have been met, satisfied or waived.

## COUNT I
### Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.*
**Against All Defendants**

68.     Plaintiffs repeat, re-allege, and incorporate paragraphs 1 – 67 as if fully set forth herein.

69.     Plaintiffs hold the copyright on each of the infringed works alleged herein.

70.     Plaintiffs registered each copyright with the United States Copyright Office.

71.     At all pertinent times, Plaintiffs were the producers and registered owners of the audiovisual works illegally and improperly reproduced and distributed by Defendants.

72.     Defendants copied, reproduced, reformatted, and distributed Plaintiffs' copyrighted works to Pornhubpremium.com by and through servers and/or hardware owned, operated and/or controlled by Defendants.

73.     Defendants did not have authority or license to copy and/or display Plaintiffs' original works.

74.     Defendants infringed Plaintiffs' copyrighted works by reproducing and distributing works through Defendants' website Pornhubpremium.com without proper approval, authorization, or license of Plaintiffs.

75.     Defendants knew or reasonably should have known they did not have permission to exploit Plaintiffs' works on Pornhubpremium.com and further knew or should have known their acts constituted copyright infringement.

76.     Defendants made no attempt to discover the copyright owners of the pirated works before exploiting them.  Defendants failed and refused to take any reasonable measure to determine the owner or license holder of the copyrighted works.

77.     Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiffs' copyrighted works.

78.     The quantity and quality of copyright files available to internet users increased the attractiveness of Defendants' service to its customers, increased its membership base, and increased its ad sales revenue.

79.     Based on information and belief, Defendants actively uploaded and/or distributed pirated copyrighted files and/or embedded code, enabling users of Pornhubpremium.com to view copyrighted videos and images for a fee.

80.     Defendants controlled the files owned by Plaintiffs and determined which files remained for display and distribution.

81.     Defendants never adopted procedures to ensure that distribution of Plaintiffs' copyrighted materials would not occur. Further, Defendants never implemented or enforced a "repeat infringer" policy.

82.     Defendants either were aware, actually or constructively, should have been aware, or were willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendants' websites.

83.     Defendants, through Pornhubpremium.com, affirmatively and willfully accommodated internet traffic generated by the illegal acts.

84.     Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq*.  At a minimum, Defendants acted with willful blindness and reckless disregard of Plaintiffs' registered copyrights.

85.     Because of their wrongful conduct, Defendants are liable to Plaintiffs for copyright infringement. See 17 U.S.C. §501. Plaintiffs suffer and will continue to suffer substantial losses, including, but not limited to, damage to their business reputation and goodwill.

86.     The law permits Plaintiffs to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, Plaintiffs are entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).17 U.S.C. §504(c).

87.     Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c) (2).

88.     The law permits Plaintiffs injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding any and all infringing materials. 17 U.S.C. §503.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart, request the following relief:

A.     That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)     Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com;

(2)     Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com; and

(3)     Marketing or selling any product containing or utilizing Plaintiffs' intellectual property or business values.

B.     That Defendants be ordered to transfer the domain Pornhubpremium.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.Pornhubpremium.com, and the content therein to Plaintiffs;

C.     That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.     That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiffs' damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.     That Defendants be ordered to account to Plaintiffs for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiffs' copyrighted works;

F.     That Plaintiffs be awarded enhanced damages and attorney's fees;

G.     That Plaintiffs be awarded pre-judgment and post-judgment interest;

H.     That Plaintiffs be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

I.      That such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

## COUNT II
### Contributory Copyright Infringement
### Against All Defendants

89.     Plaintiffs repeat, re-allege, and incorporate paragraphs 1 – 67 as if fully set forth herein.

90.     Unknown individuals, without authorization, reproduced and distributed Plaintiffs' works through Defendants' websites, directly infringing Plaintiffs' copyrighted works.

91.     Defendants contributed to the infringing acts of those individuals.

92.     Defendants were aware, should have been aware, or were willfully blind to the infringing activity.

93.     Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiffs' copyrighted works through Defendants' website without regard to copyright ownership.

94.     Defendants had the ability and obligation to control and stop the infringements. Defendants failed to do so.

95.      Defendants have engaged in the business of knowingly inducing, causing, and/or materially contributing to unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works, and thus to the direct infringement of Plaintiffs' copyrighted works.

96.     Defendants received direct financial benefits from the infringements.

97.     On information and belief, Defendants' actions constitute contributory infringement of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

98.     The unauthorized reproduction, distribution, and public display of Plaintiffs' copyrighted works that Defendants enable, cause, materially contribute to and encourage through the acts described above are without Plaintiffs' consent and are not otherwise permissible under the Copyright Act.

99.     The acts of infringement by Defendants have been willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiffs' rights.

100.    As a direct and proximate result of the infringements by Defendants of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works, Plaintiffs are entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

101.    Alternatively, Plaintiffs are entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c ).

102.    Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart, request the following relief:

A.      That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other

related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)     Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com;

(2)     Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com; and

(3)     Marketing or selling any product containing or utilizing Plaintiffs' intellectual property or business values.

B.     That Defendants be ordered to transfer the domain Pornhubpremium.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.Pornhubpremium.com, and the content therein to Plaintiffs;

C.     That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.     That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiffs' damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.      That Defendants be ordered to account to Plaintiffs for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiffs' copyrighted works;

F.      That Plaintiffs be awarded enhanced damages and attorney's fees;

G.      That Plaintiffs be awarded pre-judgment and post-judgment interest;

H.      That Plaintiffs be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

I.      That such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

## COUNT III
### Vicarious Copyright Infringement
#### Against All Defendants

103.    Plaintiffs repeat, re-allege, and incorporate paragraphs 1 – 67 as if fully set forth herein.

104.    Without authorization, individuals reproduced, distributed, and publicly displayed Plaintiffs' works through Defendants' website, directly infringing Plaintiffs' copyrighted works.

105.    Defendants were actually or constructively aware or should have been aware or were willfully blind to the infringing activity.

106.    Defendants were able to control or completely end the illegal and improper infringement, but failed to do so.

107.    Defendants contributed materially to the infringement.

108.    Defendants received direct financial gain and profit from those infringing activities.

109.    The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

110.   The acts of infringement by Defendants have been willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiffs' rights. As a direct and proximate result of the infringements by Defendants of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works, Plaintiffs are entitled to their actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

111.   Alternatively, Plaintiffs are entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

112.   Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart, request the following relief:

A.   That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)   Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com;

(2)   Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com; and

(3)     Marketing or selling any product containing or utilizing Plaintiffs' intellectual property or business values.

B.     That Defendants be ordered to transfer the domain Pornhubpremium.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, domains held by Defendants linked to www.Pornhubpremium.com, and the content therein to Plaintiffs;

C.     That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.     That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiffs' damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.     That Defendants be ordered to account to Plaintiffs for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiffs' copyrighted works;

F.     That Plaintiffs be awarded enhanced damages and attorney's fees;

G.     That Plaintiffs be awarded pre-judgment and post-judgment interest;

H.     That Plaintiffs be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

I.     That such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

## COUNT IV
## Inducement of Copyright Infringement
### Against All Defendants

113.    Plaintiffs repeat, re-allege, and incorporate paragraphs 1 – 67 as if fully set forth herein.

114.    Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of Defendants' inducement, individuals infringed Plaintiffs' copyrighted works. These individuals reproduced, distributed and publicly disseminated Plaintiffs' copyrighted works through Defendants' website.

115.    On information and belief, Defendants have encouraged the illegal uploading and downloading of Plaintiffs' copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works, and thus to the direct infringement of Plaintiffs' copyrighted works.

116.    Defendants' actions constitute inducing copyright infringement of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

117.    The infringement of Plaintiffs' rights in and to each of the Plaintiffs' copyrighted works constituted a separate and distinct infringement.

118.    The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiffs' rights.

119.    As a direct and proximate result of the infringements by Defendants of Plaintiffs' copyrights and exclusive rights under copyright in the Plaintiffs' copyrighted works, Plaintiffs are entitled to their actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

120.    Alternatively, Plaintiffs are entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

121.    Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart, request the following relief:

A.    That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)    Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com;

(2)    Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com; and

(3)    Marketing or selling any product containing or utilizing Plaintiffs' intellectual property or business values.

B.    That Defendants be ordered to transfer the domain Pornhubpremium.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated

domains, domains held by Defendants linked to www.Pornhubpremium.com, and the content therein to Plaintiffs;

C.    That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.    That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiffs' damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.    That Defendants be ordered to account to Plaintiffs for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiffs' copyrighted works;

F.    That Plaintiffs be awarded enhanced damages and attorney's fees;

G.    That Plaintiffs be awarded pre-judgment and post-judgment interest;

H.    That Plaintiffs be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

I.    That such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

**COUNT V**
**Trademark Infringement – 15 U.S.C. §§ 1111 *et. seq.***
**Against All Defendants**

122.   Plaintiffs repeat, re-allege, and incorporate paragraphs 1 – 67 as if fully set forth herein.

123.   By virtue of their trademark registrations, Plaintiffs have the exclusive right to use of the trademarks, trade dress and service marks enumerated in this Complaint in the adult-oriented audio-visual markets, including internet markets.

124.   Defendants' use of Plaintiffs' registered trademarks and service marks is in a manner likely to cause consumer confusion, as alleged herein, constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

125.   Defendants' infringement is intentional and willful, has caused and will continue to cause damage to Plaintiffs in an amount to be proven at trial, and is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law, thus Plaintiffs are entitled to statutory and treble damages.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart, request the following relief:

A.   Enter judgment against Defendants finding that Defendants have engaged in, and continue to engage in, unfair competition in violation of 15 U.S.C. § 1125(a);

B.   Finding that Defendants have and continue to infringe Plaintiffs' '3152759 trademark in violation of 15 U.S.C. § 1114;

C.   Finding that Defendants have and continue to infringe Plaintiffs' '4191754 trademark in violation of 15 U.S.C. § 1114;

D.   That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)   Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com;

(2)   Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com; and

(3)   Marketing or selling any product containing or utilizing Plaintiffs' intellectual property or business values.

E.   That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) days after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

F.   That pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Plaintiffs resulting from the acts alleged herein;

G.   That Defendants be ordered to transfer the domain Pornhubpremium.com, and all similar domains held by Defendants found in discovery, such as misspellings of the

enumerated domains, domains held by Defendants linked to Pornhubpremium.com, and the content therein to Plaintiffs;

H.     That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiffs' damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

I.      That pursuant to 15 U.S.C. § 1117 Defendants be ordered to account to Plaintiffs for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiffs' copyrighted works;

J.      That the Court declare this to be an exceptional case and award Plaintiffs' reasonable attorney fees pursuant to 15 U.S.C. § 1117;

K.     That Plaintiffs be awarded enhanced damages and attorney's fees;

L.      For all other damages to the extent permitted by law;

M.     Ordering that this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; or for the punishment of any violations thereof; and

N.     Such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

**COUNT VI**
**Contributory Trademark Infringement – 15 U.S.C. §§ 1111 *et. seq.***
**Against All Defendants**

126.   Plaintiffs repeat, re-allege, and incorporate paragraphs 1 – 67 as if fully set forth herein.

127.   By virtue of their trademark registrations, Plaintiffs have the exclusive right to use of the trademarks, trade dress and service marks enumerated in this Complaint in the adult-oriented audio-visual markets, including internet markets.

128.   Defendants' actions that encouraged use of Plaintiffs' registered trademarks and service marks in a manner likely to cause consumer confusion, as alleged herein, constitute trademark infringement pursuant to 15 U.S.C. § 1114.

129.   Defendants' infringement is intentional and willful, has caused and will continue to cause damage to Plaintiffs in an amount to be proven at trial, and is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law, thus Plaintiffs are entitled to statutory and treble damages.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart, request the following relief:

A.   Enter judgment against Defendants finding that Defendants have engaged in, and continue to engage in, unfair competition in violation of 15 U.S.C. § 1125(a);

B.   Finding that Defendants have and continue to infringe Plaintiffs' '3152759 trademark in violation of 15 U.S.C. § 1114;

C.      Finding that Defendants have and continue to infringe Plaintiffs' '4191754 trademark in violation of 15 U.S.C. § 1114;

D.      That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

      (1)    Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com;

      (2)    Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com; and

      (3)    Marketing or selling any product containing or utilizing Plaintiffs' intellectual property or business values.

E.      That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) days after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

F.      That pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Plaintiffs resulting from the acts alleged herein;

G.      That Defendants be ordered to transfer the domain Pornhubpremium.com, and all similar domains held by Defendants found in discovery, such as misspellings of the

31

enumerated domains, domains held by Defendants linked to www.Pornhubpremium.com, and the content therein to Plaintiff;

H.  That Plaintiffs' be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiffs' damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

I.  That pursuant to 15 U.S.C. § 1117, Defendants be ordered to account to Plaintiffs for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiffs' copyrighted works;

J.  That the Court declare this to be an exceptional case and award Plaintiffs reasonable attorney fees pursuant to 15 U.S.C. § 1117;

K.  That Plaintiffs be awarded enhanced damages and attorney's fees;

L.  For all other damages to the extent permitted by law;

M.  Ordering that this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; or for the punishment of any violations thereof; and

N.  Such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

<u>**COUNT VII**</u>
**<u>False Designation of Origin under the Lanham Act – 15 U.S.C. §§ 1125 *et. seq.*</u>**
**Against All Defendants**

130.    Plaintiffs repeat, re-allege, and incorporate paragraphs 1 – 67 as if fully set forth

herein.

131.    Upon information and belief, Defendants' conduct is likely to cause confusion,

mistake or deception as to Defendants' affiliations, connection, or association with

Plaintiffs, or as to the origin, sponsorship or approval of their goods or commercial

activities.

132.    Defendants' conduct as alleged herein, including but not necessarily limited to their

use of Plaintiffs' marks, constitutes false designation of origin pursuant to 15 U.S.C.

§ 1125(a).

133.    Plaintiffs have been damaged by these acts in an amount to be proven at trial.

Plaintiffs are also entitled under the Lanham Act to injunctive and equitable relief

against Defendants.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a

Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a

Sexart, request the following relief:

A.    Enter judgment against Defendants finding that Defendants have engaged in, and

continue to engage in, unfair competition in violation of 15 U.S.C. § 1125(a);

B.    Finding that Defendants have and continue to infringe Plaintiffs' '3152759

trademark in violation of 15 U.S.C. § 1114;

C.    Finding that Defendants have and continue to infringe Plaintiffs' '4191754 trademark in violation of 15 U.S.C. § 1114;

D.    That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

> (1)    Any and all reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com;
>
> (2)    Permitting any user to upload for reproduction, adaptation, public display and/or distribution of copies of the Plaintiffs' copyrighted works by Defendants on any website, including but not limited to Pornhubpremium.com; and
>
> (3)    Marketing or selling any product containing or utilizing Plaintiffs' intellectual property or business values.

E.    That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) days after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

F.    That pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Plaintiffs resulting from the acts alleged herein;

G.    That Defendants be ordered to transfer the domain Pornhubpremium.com, and all similar domains held by Defendants found in discovery, such as misspellings of the

enumerated   domains,   domains   held   by   Defendants   linked   to www.Pornhubpremium.com, and the content therein to Plaintiffs;

H.   That Plaintiffs be awarded damages in an amount to be determined at trial for all infringing activities, including Plaintiffs' damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

I.   That pursuant to 15 U.S.C. § 1117, Defendants be ordered to account to Plaintiffs for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiffs' copyrighted works;

J.   That the Court declare this to be an exceptional case and award Plaintiffs reasonable attorney fees pursuant to 15 U.S.C. § 1117;

K.   That Plaintiffs be awarded enhanced damages and attorney's fees;

L.   For all other damages to the extent permitted by law;

M.   Ordering that this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; or for the punishment of any violations thereof; and

N.   Such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

**COUNT VIII**
**Unauthorized Publication of Name and Likeness in Violation**
**Of Section 540.08, Florida Statutes**
**Against All Defendants**

134.    Plaintiffs repeat, re-allege, and incorporate paragraphs 1 – 67 as if fully set forth herein.

135.    Plaintiffs' erotic photographs and motion pictures depict models who performed under contract.

136.    Said contract contains a release of each model's rights and interest for their appearance in an erotic motion picture, and an assignment in ownership of the same to Plaintiffs.

137.    Defendants published, printed, displayed or otherwise used publicly images that depict numerous models that signed Plaintiffs' release agreement.

138.    Defendants' websites commercially exploit Plaintiffs' images without the Plaintiffs' knowledge or consent.

139.    Defendants gained pecuniary benefit from the unauthorized use of Plaintiffs' names, images and likeness.

140.    The Defendants use of Plaintiffs' names, images and likeness was not part of a bona fide news report, nor did it have a legitimate public interest, but rather, was used by Defendants for their sole commercial benefit.

141.    The use of Plaintiffs' names, image and likeness for commercial purposes, without express consent, violates Florida Statute §540.08.

WHEREFORE, Plaintiffs Hydentra L.P. HLP General Partner, Inc., d/b/a Metart, d/b/a Sexart; Hydentra HLP Int. Limited, d/b/a Metart, d/b/a Sexart; Hydentra L.P., d/b/a Metart, d/b/a Sexart, request the following relief:

A.   That Defendants be enjoined from using the name, image, and likeness of any MetArt models for commercial, advertising, or any other unauthorized use on Pornhubpremium.com, and all similar domains held by Defendants found in discovery, such as misspellings of the enumerated domains, and domains held by Defendants linked to www.Pornhubpremium.com;

B.   That Plaintiffs be awarded damages for any loss or injury resulting from Defendants' unauthorized use of Plaintiffs' name and likeness;

C.   That Defendants be ordered, pursuant to Florida Statute § 540.08, to pay Plaintiffs a reasonable royalty, plus exemplary and/or punitive damages; and

D.   Such other and further preliminary and permanent relief be awarded to Plaintiffs as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  August 27, 2015.

Respectfully submitted,

BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: AB@BeharBehar.com

By:      /s/Aaron Behar_____
Aaron Behar, Esquire
Florida Bar No.: 166286
Jaclyn Behar, Esquire
Florida Bar No.: 63833
***Counsel for Plaintiffs***

And:  Spencer D. Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:  (253) 383-4501
E-mail: sfreeman@freemanlawfirm.org
***Counsel for Plaintiffs***
(Moving for Admission pro hac vice)